Jacobina García Esclavón, demandante y apelante, *v.* Dionisia Elisa Arabia de Goyco, demandada y apelada.

No. 3696.—*Visto:* Julio 6, 1925. *Resuelto:* Julio 24, 1925.

1. Apelación y Error—Desestimación, Retiro y Abandono—Apelación Frívola.—Cuando una corte, al dictar sentencia, fija la cuantía de los intereses siguiendo las palabras de la escritura en que se estipularon, cualquier discusión en apelación sobre dichos intereses es frívola.

2. Apelación y Error—Revisión—Su Alcance y Extensión en General—Apelación Contra Toda la Sentencia—Cuestiones Incidentales.—Con arreglo al artículo 296 del Código de Enjuiciamiento Civil, el apelante puede apelar contra toda la sentencia y levantar cualesquiera cuestiones incidentales.

Moción sobre desestimación de apelación presentada por la apelada. *Sin lugar.*

*Leopoldo Tormes García,* abogado del apelante; *R. Arjona Siaca,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El objeto de la acción en este caso era que una venta con pacto de retro debe ser considerada como una hipoteca. La demanda también contiene la súplica de que se condene a la demandada en costas y al pago de honorarios de abogado. La demandada-apelada consintió en que se registrara una sentencia pero se opuso a la imposición de las costas y honorarios de abogado. La cuestión fué sometida a la Corte de Distrito de Ponce, que dictó sentencia a favor de la demandante con costas pero sin honorarios de abogado. La demandante apeló. La apelada solicita ahora la desestimación del recurso por el fundamento de que la apelación es frívola.

La corte, al dictar sentencia, fijó la cuantía de los intereses, según entendemos, siguiendo las palabras de la escritura, y por tanto nos inclinamos a convenir con la apelada en que cualquier discusión sobre los intereses es frívola toda vez que la demandante obtuvo exactamente lo que solicitaba en la demanda.

[2] No podemos, sin embargo, convenir con la apelada

en que la apelación es frívola en lo que respecta a la omisión en conceder honorarios de abogado.  Aunque existe una razonable probabilidad de que la corte actuó sabiamente al negarse a conceder los honorarios, ésta era la cuestión principal sometida a la corte sentenciadora y que fué resuelta en contra de las contenciones de la demandante y apelante.

Aunque hay cierta jurisprudencia al efecto de que una apelación debe dirigirse a la parte específica de la sentencia apelada, sin embargo, nuestro estatuto no se presta necesariamente a tal interpretación.  El artículo 296 del Código de Enjuiciamiento Civil prescribe lo siguiente:

"Art. 296.—Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

Con arreglo a este texto nos sentimos obligados a declarar que la apelante puede apelar contra toda la sentencia y levantar cualesquier cuestiones incidentales.  No encontramos nada en nuestras decisiones o en las de California en sentido contrario.

*La moción de desestimación debe ser declarada sin lugar.*